KAREN MCCONVILLE (SBN 269234)
McConville Law
24 Professional Center Parkway, Suite 240
San Rafael, California 94903
Telephone (415) 786-7806
Email: kmcconville3@gmail.com

Attorney for Defendant
ADALID PEREZ-ORTEGA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-25-00200-WHO |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| ADALID PEREZ-ORTEGA, | Date: August 28, 2025<br>Time: 1:30 p.m. |
| Defendant. | Court: Hon. William H. Orrick |

    Defendant, Adalid Perez-Ortega, through counsel, submits this Sentencing Memorandum for the Court's consideration.

    Defendant reserves the opportunity to make additional comments through counsel at the sentencing hearing.

Date: August 21, 2025                                                    Respectfully submitted,

                                                                            By: _____/s/_____
                                                                            Karen McConville
                                                                            Attorney for Adalid Perez-Ortega

1

## I.
## OVERVIEW

Defendant, Adalid Perez-Ortega, on the day of sentencing will plead guilty to one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The offense conduct stems from a buy/bust arrest in the Tenderloin neighborhood on June 17, 2025. Mr. Perez-Ortega was arrested for assisting his co-defendant in the sale of 3.3 grams of methamphetamine to an undercover officer. On July 10, 2025, he made his initial appearance before the Honorable Peter H. Kang, whereupon he was remanded to custody and has remained since.

Mr. Perez-Ortega acknowledges responsibility for selling drugs. In the Plea Agreement the parties stipulated to a total of 100 kilograms but not more than 400 kilograms of converted drug weight yielding a Base Offense Level of 24 and a 3-level decrease for timely Acceptance of Responsibility [U.S.S.G. §3E1.1(a)&(b)]. This produces a total advisory guideline offense level of 21. The parties also agree that Mr. Perez-Ortega falls in Criminal History Category II on account of a singular criminal conviction. Therefore, his advisory guideline range is 41-51 months. Mr. Perez-Ortega as part of the plea waives his right to Presentence Investigation Report. The parties agree that an appropriate disposition of the case is time served plus one business day and a three-year term of supervised release including a geographic restriction from being present in the Tenderloin District of San Francisco.

The defendant requests that the Court impose sentence as agreed to by the parties. Mr. Perez-Ortega was a street dealer of drugs in the Tenderloin. He held no managerial role in the trafficking of drugs and has no ties to any large-scale criminal organization. His past criminal history is all for minor drug possession quantities for sale, with no violence involved. Mr. Perez-Ortega is an individual, who having fallen on hard times, turned to selling drugs to make ends meet. He realizes that no circumstances can justify the sale of drugs which harms and affects many

in his community, including people like him, but his actions were influenced by his desire to support himself, his family and his own addictions. The Court is respectfully asked to consider how Mr. Perez-Ortega's background and family history have led to where he is today. He is remorseful and his acceptance of responsibility for his actions is sincere, especially when taking into his early acceptance of responsibility.

A sentence of time served plus one day is an appropriate disposition of this case. It is "sufficient, but not greater than necessary" to effectuate justice and to satisfy the aims of §3553(a) and ensure that the criminal justice system is applied efficiently and equally.

## II.
## DEFENDANT'S PERSONAL HISTORY AND CHARACTERISTICS

A. <u>General Background</u>

Adalid Perez-Ortega was born on May 23rd, 1983, in Tegucigalpa, Honduras, to Antonia Ortega-Perez (mother). He does not know his father and he has never been in his life. His mother lived and worked in Honduras selling vegetables until her unexpected death last year. She raised Adalid alone alongside his two older brothers, Carlos Ortega-Videa, and Jose De La Cruz Ortega who both live and work in Honduras.

Mr. Perez-Ortega was raised in extreme poverty. His mother worked multiple jobs to care for her children, but they often went hungry and lacked the essentials. Life was hard for the family and Adalid was only able to attend school up to fourth grade. He was forced to leave school to work so that he could contribute financially to the household. By the age of 12 he was working as an assistant to a construction worker.

At the age of twenty he made the decision to come to the United States to escape violence and poverty. For approximately three years Adalid settled in the Bay Area where he met Maria Del Carmen Torres Lainez and together, they had two daughters, Perla Jacqueline Perez Torres, age 18, and Maria Anjelica Perez Torres, age 20. Perla resides on 3rd Street in San Francisco with her

3

mother. Maria resides in Honduras. Adalid worked in construction across the Bay Area before being removed from the United States in 2006. In 2010, he returned to the Bay Area for a brief period before being removed.

Between 2010 and 2021 Adalid remained in Honduras working and supporting his family. For the past seven years he has been in a relationship with Dinora Corea Miguel. They have one daughter who is five years old and resides with her mother in Honduras. When she was five months old Adalid returned to the United States to seek work and assist his family financially. He worked construction and supported his partner and daughter in Honduras. He had also been supporting his 18-year-old daughter in San Francisco as she attends college. Adalid obtained work in construction, but he didn't also find consistent work. When he has working, he worked 8am to 4pm for approximately $150 per day.

B. Substance Abuse

Mr. Perez-Ortega reports a history of alcohol and cocaine abuse. He first started drinking at the age of twenty and would consume a 12 pack of beer every weekend. His abuse of cocaine started after his mother's death last year. He was bereft at her loss and his use of cocaine steadily increased and at times affected his ability to obtain employment.

C. Employment History

Mr. Perez-Ortega is not well educated. He was unable to attend school past fourth grade. When he came to the United States the only work he was able to obtain was in labor intensive construction jobs where he was paid very little for the work he performed. He would work long days in the hope of taking home somewhere in the range of $100-150 per day.

D. Criminal History

Mr. Perez-Ortega has one criminal conviction that encompasses three arrests for possession of minor quantities of drugs in San Francisco. On January 16, 2024, Mr. Perez-Ortega was arrested in possession of 9.0 gross grams of methamphetamine and 6.9 gross grams of cocaine-based rocks.

4

On June 10, 2024, Mr. Perez-Ortega was observed making a possible narcotics transaction in a high narcotics trafficking area on Mission Street in San Francisco. Upon arrest officers located 14.7 grams of Fentanyl in the ledge of a building within the vicinity of the defendant. On December 13, 2024, during a buy/bust operation he sold $25 worth of cocaine base to an undercover officer and was found in possession of 31.8 gross grams of fentanyl, 11.9 gross grams cocaine base and 4.8 gross grams of heroin. The court-imposed a sentence of 155 days in county jail under a global disposition for the three arrests. This resulted in the two criminal history points for Mr. Perez-Ortega in this case. He has one other possession-based arrest in San Francisco in March of 2023. The case was dismissed for lack of evidence.

III.

**ADVISORY SENTENCING GUIDELINES**

There is a well-established consensus that the Advisory Sentencing Guidelines are just that, advisory. This Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant under 18 U.S.C. §3553(a).

A. <u>Nature and Circumstances of the Offense</u>

Mr. Perez-Ortega assisted his co-defendant in the sale of 3.3 grams of methamphetamine to an undercover officer. Upon arrest he was found in possession of $20, which was for the sale of the methamphetamine, and possession of the following quantities of drugs: 13.5 gross grams of mixture or substance containing methamphetamine, 8.4 gross grams of cocaine base, 3.1 gross grams of cocaine HCL, and 14.7 gross grams of fentanyl.

Mr. Perez-Ortega's history of drug possession on the surface is alarming, however, when broken down and viewed in conjunction with his life circumstances at the time it is less so and to some extent understandable although not acceptable conduct. Mr. Perez-Ortega lost his mother in 2024, and he spiraled into substance abuse and the company of negative influences. He was not getting a lot of construction work, and he was struggling financially. He was living with his cousin,

5

her husband and three children in an apartment in Oakland. He resorted to drug use and drug sales to survive. That is by no means an excuse to sell drugs and drug sales shouldn't be a path to financial stability, but it is the path often chosen by individuals who lack any guidance, support and education to do otherwise. This federal prosecution has been a wake-up call for Mr. Perez-Ortega. Without the proposed disposition of the parties, he is aware that he could be facing almost five years in prison.

It is respectfully requested that in addition to Mr. Perez-Ortega "history and personal characteristics" the Court consider his early acceptance of responsibility and minimal criminal history in imposing the agreed upon sentence of the parties.

**CONCLUSION**

Mr. Perez-Ortega deeply regrets the life he has been living this past year. His family relied on him, and he has let them down by resorting to drug sales to support them. He has never served a sentence anywhere near as long as that proposed by the sentencing guidelines. The possibility of such a sentence is a great deterrent for him alone. This, along with all of the factors above offers justification for a sentence of time served plus one day.

Date: August 21, 2025                                    Respectfully submitted:


By: _____/s/_____
       Karen McConville
       Attorney for Adalid Perez-Ortega